653 F.Supp. 591 (1987)
FEDERAL SAVINGS AND LOAN CORPORATION, Plaintiff,
v.
John V. CAPOZZI, et al., Defendants.
No. 86-233C(5).
United States District Court, E.D. Missouri.
January 23, 1987.
*592 *593 P. John Owen, Theresa L.F. Levings, Mary L. Barrier, Sue M. Honegger, Kansas City, Mo., Harry W. Quillian, Ralph W. Christy, Charlotte A. Reid, Office of General Counsel, Washington, D.C., Henry Fredericks, Wesley Wedemeyer, Asst. U.S. Attys., for plaintiff.
*594 W. Stanly Walch, Louis B. Susman, Michael Morris, St. Louis, Mo., for defendant Bommarito.
Barry A. Short, Daniel E. Claggett, St. Louis, Mo., for defendants Fechner, Cline.
Jerome Wallach, St. Louis, Mo., for defendant Dierdorf.
Ronald E. Jenkins, Michael Chivell, St. Louis, Mo., for defendant Fishman.
Thomas M. Dee, St. Louis, Mo., for defendant Wood.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Federal Savings and Loan Insurance Corporation (FSLIC) brings this twenty-four count action in its corporate capacity and as conservator of Bohemian Savings and Loan Association, a St. Louis, Missouri thrift institution. It seeks legal and equitable relief against a number of persons formerly associated with Bohemian. Plaintiff originally filed this suit on January 30, 1986, immediately after the Federal Home Loan Bank Board appointed it conservator of the thrift pursuant to 12 U.S.C. § 1729(c)(1). The FSLIC then filed an amended complaint on February 28, 1986. Defendants Cline, Fechner and Bommarito, former directors of Bohemian, contend that the Court does not have subject matter over Counts I-XVI of the amended complaint. Since these defendants raise jurisdictional issues which apply equally to the FSLIC's actions against some of the other defendants, the Court will consider these issues as they apply to the entire complaint. See Fed.R.Civ.P. 12(h)(3).

I. Analysis of the Statute
This analysis must necessarily focus on 12 U.S.C. § 1730(k)(1), which reads:
Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: Provided, That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.
Plaintiff claims that both subsections (A) (agency jurisdiction) and (B) (federal question jurisdiction) provide for jurisdiction in this court. Additionally, plaintiff asserts that the limiting proviso in the statute ("Provided ...") has no applicability to the amended complaint and, therefore, does not limit its ability to prosecute the action in this jurisdiction. The defendants claim that the FSLIC cannot invoke the "agency" jurisdiction of subsection (A) and that the proviso applies to the allegations in Counts I-XVI and precludes jurisdiction under subsection (B).
This jurisdictional statute, 12 U.S.C. § 1730(k)(1), is part of the Financial Institutions Supervisory Act of 1966, Pub.L. 89-695, codified at 12 U.S.C. §§ 1461, et seq. The legislative history of this jurisdictional provision adds little to its express language. See S.Rep. No. 1482, 89th Cong., 2d Sess., reprinted in 1966 U.S.Code Cong. & Admin.News 3532, 3550.[1] The Senate *595 Report does note, though, that the jurisdictional provision now codified at 12 U.S.C. § 1730(k)(1) differs from the statute that provides for jurisdiction of actions brought by the Federal Deposit Insurance Corporation, 12 U.S.C. § 1819. Id.

A. Subsection (A), Agency Jurisdiction.
This section of the statute provides that "the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28." This reference is important because 28 U.S.C. § 1345 provides that "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or other proceedings commenced by the United States, or by agency or officer thereof expressly authorized to sue by Act of Congress." Since Congress has authorized the FSLIC to sue and be sued, 12 U.S.C. § 1725(c)(4), plaintiff contends that 12 U.S.C. § 1730(k)(1)(A) and 28 U.S.C. § 1345 provide for federal jurisdiction of any suit brought by the FSLIC. Under the interpretation urged by plaintiff, the FSLIC can file suit under subsection (A) for subrogation and breach of contract in its corporate capacity as well as asserting the rights of Bohemian in its capacity as conservator. The Seventh Circuit has essentially adopted this position. FSLIC v. Krueger, 435 F.2d 633, 635-36 (7th Cir.1970); Katin v. Apollo Savings, 460 F.2d 422, 424 (7th Cir.1971), cert. denied, 406 U.S. 918 (1982); see also Gibraltar Building and Loan v. State Savings and Loan Ass'n., 607 F.Supp. 722, 732 n. 2 (N.D.Cal.1985) ("The Court rejects plaintiff's argument that `Corporation' as defined within § 1730(k)(1) does not include FSLIC when it is acting as a receiver, but instead applies only to the agency in its individual capacity as insurer.") In addition, plaintiff argues that the proviso has no applicability to subsection (A) but, instead, limits only the jurisdiction conferred by subsection (B), the provision establishing federal question jurisdiction.
In their motions to dismiss, defendants challenge the Court's jurisdiction over Counts I-XVI, which plaintiff brings in its capacity as conservator of Bohemian. The defendants assert that, for purposes of the "agency" jurisdiction conferred by 12 U.S.C. § 1730(k)(1)(A), the Court must distinguish between those counts brought by the FSLIC in its corporate capacity from those brought in its capacity as conservator of Bohemian. In particular, they contend that the FSLIC is not acting as an agency for purposes of § 1730(k)(1)(A) and 28 U.S.C. § 1345 when it brings suit in its capacity as a conservator. As a consequence, they argue, subsection (A) does not provide for subject matter jurisdiction over Counts I-XVI.
Since plaintiff claims the proviso does not limit the grant of jurisdiction in subsection (A),[2] if its construction of that provision *596 is correct, the FSLIC can always bring suit in federal court, regardless of its capacity. However, a Court must always construe a statute so that all of its parts are meaningful. Mountain States Tel. & Tel. v. Pueblo of Santa Ana, 472 U.S. 237, 105 S.Ct. 2587, 2595, 86 L.Ed.2d 168 (1985); Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1978); Colautti v. Frankin, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979). Under the construction of subsection (A) urged by plaintiff, subsections (B) and (C) would have no relevance. In any law suit, the FSLIC could simply invoke the authority of subsection (A) and proceed to suit. The Court, then, will decline to follow the approach advocated by the Seventh Circuit in Krueger, 435 F.2d at 635-36; and Katin, 460 F.2d at 424, and will, instead, construe subsection (A) in a manner that does not render the remaining portions of § 1730(k)(1) irrelevant.
The language of the pertinent statutes provides a basis for a more reasonable construction. While subsection (A) of § 1730(k)(1) states that "the Corporation shall be deemed to be an agency of the United States" within 28 U.S.C. § 451, the referenced provision contains language which suggests that the definition of agency, and the significance of that status, varies with the statutory context. In particular, § 451 states that certain governmental entities are agencies "unless the context shows that such term was intended to be used in a more limited sense." This language suggests that, in some circumstances, an "agency" might not have that status for jurisdictional purposes.
The relevant jurisdictional statute, 12 U.S.C. § 1730(k)(1), in subsection (A) refers to the flexible definition of agency in 28 U.S.C. § 451. By limiting the agency jurisdiction conferred in subsection (A) to actions brought by the FSLIC in its corporate capacity, the Court can accommodate both the rule of construction which requires that all portions of a statute must have some meaning with the language in the statute that "the Corporation shall be deemed to be an agency." As a consequence, the Court holds that only those counts brought by the FSLIC in its corporate capacity fall within the agency jurisdiction authorized in 12 U.S.C. § 1730(k)(1)(A). Concomitantly, jurisdiction of any count brought by plaintiff in its capacity as conservator must arise from subsection (B) of § 1730(k)(1),[3] or some other jurisdictional statute. This is a much more reasonable construction of subsection (A) than that urged by the plaintiff.

B. Subsection (B), Federal Question Jurisdiction.
This portion of § 1730(k)(1) provides, in part, that "any civil action ... to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof." Viewed alone, this subsection provides subject matter jurisdiction in federal court for plaintiff's entire complaint. However, the proviso, which specifically limits when suits brought by the FSLIC "arise under the laws of the United States" applies directly to and restricts the grant of jurisdiction in subsection (B). As a consequence, if Counts I-XVI fall within the scope of the proviso, they do not "arise under the laws of the United States," and, *597 consequently, subsection (B) does not authorize subject matter jurisdiction.
Whether this limitation applies to Counts I-XVI of the amended complaint requires careful scrutiny of the proviso, which reads

Provided, That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.
The defendants only challenge the Court's subject matter jurisdiction over the counts brought by the FSLIC in its capacity as conservator of Bohemian. In addition, plaintiff concedes that Bohemian is an insured State-chartered institution. The Court need only consider, then, whether the action "involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law" in determining whether the proviso applies.

1. "Only the Rights or Obligations of Investors, Creditors, Stockholders and Such Institution."
The FSLIC claims the proviso does not apply to Counts I-XVI of the complaint since they involve the rights or obligations of classes of persons outside those delineated in the proviso. In support of this position, plaintiff cites FSLIC v. Forde, No. 85-774, slip op. (C.D.Cal. July 3, 1985). There, a district court considered whether a director's and officer's liability suit involved only the rights of persons and entities listed in the proviso. In holding that the suit involved the rights and obligations of other types of persons and, therefore, fell outside the scope of the proviso, the district court noted,
If the action involves the rights or obligations of any third party, even though the rights or obligations of investors, creditors, stockholders and the institution are also involved, the proviso, by its express terms, is inapplicable and federal jurisdiction exists. Here, admittedly, the rights and obligations of investors, creditors, and stockholders of San Marino, as well as the institution itself are involved. However, those are not the only rights and obligations involved. This action also involves the obligations of certain officers and directors of San Marino, certain borrowers of San Marino, and an appraiser who prepared appraisals utilized by San Marino.
Id. at 5. Plaintiff also cites FSLIC v. Sajovich, 642 F.Supp. 74 (C.D.Cal.1986), where the same district court took a similar approach in finding that an action involved the rights of third parties and, correspondingly, that the proviso did not apply. Id. at 77.
The Kansas district court in FSLIC v. Huff, 631 F.Supp. 1350 (D.Kan.1986), approached this issue from a different angle. After discussing the authority the FSLIC cites here, the district court construed the pertinent language as "direct[ing] attention to the FSLIC's role in bringing such action and what rights or obligations it seeks to protect or enforce." Id. at 1354. The Huff court then held that the FSLIC in its suit there was, in effect, merely asserting the rights of the insolvent thrift institution through its authority as receiver and, correspondingly, the rights of others who had an interest in any recoupment of money for the institution, namely its creditors, investors and stockholders. Id. The Kansas district court, in effect, distinguished between actions in which the FSLIC seeks to recover for an injury to itself as a corporation, for example a subrogation action for recovery of insurance proceeds paid in an insolvency, from those suits in which the agency steps into the shoes of an institution and asserts its rights. In the first type of case, the FSLIC asserts only its rights. Consequently, the proviso does not apply and a federal district court has jurisdiction over the action. However, when the FSLIC asserts only the rights of the institution in an attempt to recoup that entity's assets, the proviso precludes the conservator from asserting federal jurisdiction under subsection (B). Any reference *598 to the status of a defendant has no relevance in this approach other than, perhaps, as an indicator of the FSLIC's role in bringing suit, i.e. whether it asserts its rights or the institution's.
The Court finds the distinction drawn by the district court in Huff preferable to the approach advocated by the plaintiff. In Counts I-XVI, the FSLIC seeks to recoup money which rightly belongs to Bohemian, and these actions, if successful, will benefit the institution and, indirectly its creditors, shareholders, and investors. For purposes of the proviso, then, these counts "involve only the rights of investors, creditors, stockholders and such institution." The FSLIC does not assert any of its rights as a governmental agency.

2. "Under State Law."
The FSLIC argues that the proviso does not apply to Counts I-XVI because these actions depend, at least in part, on duties and obligations imposed by federal law. Specifically, plaintiff alleges that the director defendants violated their duties under 12 C.F.R. § 563.9-3(b) (lending limits), 12 C.F.R. § 563.9-8 (investments), 12 C.F.R. § 563.17(a) (safe and sound management policies), 12 C.F.R. § 563.17-1(c)(1) (loan requirements), 12 C.F.R. § 563.43(b) (loans to affiliated persons), 12 C.F.R. § 523.12(a) and (b) (statutory reserves and net worth), 12 C.F.R. § 523.11 (liquidity), 12 C.F.R. § 563.17-1(c) (accounting and records), 12 C.F.R. 563.37 (operation of service corporation), 12 C.F.R. § 563.39 (unsafe and unsound employment contracts), and 12 C.F.R. § 563.41(b)(c)(iii) (purchasing property from affiliated persons). In support of its contention that its allusions to these regulations in Counts I-XVI take these actions outside the operation of the proviso, plaintiff cites FSLIC v. Forde, at 5; FSLIC v. Elliott, No. 83-1803, slip op. at 10 (N.D.Ill. March 8, 1985) [Available on WESTLAW, DCTU database]; and FSLIC v. Ticktin, No. 83-2996, slip op. at 6 (N.D.Ill. November 28, 1983).
The FSLIC also notes that the operative word in the proviso is "involves." By contrast, 28 U.S.C. § 1331 federal question jurisdiction attaches when an action "arises under" federal law. See 28 U.S.C. § 1331, and C. Wright, Law of Federal Court § 17 at p. 91 (4th ed. 1983). Plaintiff argues that the required nexus between federal law and the allegations in a complaint for purposes of the proviso ("involves") is slight in relation to that required for federal question jurisdiction under § 1331 ("arises under").
However, in making this argument the FSLIC ignores the structure of 12 U.S.C. § 1730(k)(1) and, in particular, the relation of the proviso to subsection (B). The proviso specifically limits the situations in which actions brought by the FSLIC "shall be deemed to arise under the laws of the United States" and subsection (B) provides for precisely this type of jurisdiction. Since the proviso in 12 U.S.C. § 1730(k)(1) explicitly limits the grant of jurisdiction in subsection (B), which copies the language of 28 U.S.C. § 1331, the general federal question statute, whether an action "involves" federal law for purposes of the proviso should not require an analysis of factors fundamentally different from that appropriate to § 1331.
The regulations plaintiff cites and their authorizing statutes, the Federal Home Owners Loan Act (HOLA), 12 U.S.C. § 1461 et seq., do not provide an express right of action by an aggrieved savings and loan against persons who allegedly violated these provisions. As a result, the Court must determine whether the cited regulations provide an implied right of action.[4] *599 In the first important case in this area, Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1974), the Supreme Court noted that a Court should examine four factors when determining whether federal law implies a right of action.
First, is the plaintiff "one of the class for whose especial benefit the statute was enacted,"  that is does the statute create a federal right in favor of plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one. Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?
Id. at 78, 95 S.Ct. at 2088 (citations omitted). However, in Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1978), the Supreme Court explained its decision in Cort v. Ash, noting,
It is true that in Cort v. Ash, the Court set forth four factors that it considered "relevant" in determining whether a private remedy is implicit in a statute not expressly providing one ... But the Court did not decide that each of these factors is entitled to equal weight. The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action.
Id. at 575, 99 S.Ct. at 2488. The Court also noted that its focus on Congressional intent was "stricter" than the approach previously authorized. Id. at 578, 998 S.Ct. at 2490.
The Supreme Court in Transamerica Mortgage Advisors v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), applied the doctrine of Touche Ross to an action brought under § 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1.[5] The Court, in determining whether Congress intended to imply a private right of action under § 206, noted that the statute "simply proscribes certain conduct, and does not, by its terms, create or alter any civil liabilities." Id. at 19, 100 S.Ct. at 246. The regulations plaintiff cites are similarly proscriptive. The Supreme Court also considered the enforcement provisions Congress included in the statute, stating
[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. "Where a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." ... In view of these express provisions for enforcing the duties imposed by § 206, it is highly improbable that "Congress absentmindedly forgot to mention an intended private action."
Id. at 20, 100 S.Ct. at 247. This Court, then, in deciding whether the regulations cited by the FSLIC support an implied private right of action, should carefully scrutinize the enforcement provisions provided by Congress in the Home Owners Loan Act.
Several courts have taken precisely this approach. In First Hawaiian Bank v. Alexander, 558 F.Supp. 1128 (D.Hawaii 1983), the federal district court refused to imply a private right of action for violation of regulations authorized by the Home Owners Loan Act. Id. at 1131. The court in First Hawaiian based its decision on the remedies the FSLIC could invoke in its corporate capacity. See 12 U.S.C. § 1730.[6] In particular, the district court noted,

*600 In 1966, Congress reviewed the remedies available to the FHLBB to enforce the HOLA and its regulations. At the time, there was no case law establishing a private right of action. Congress, in expanding the FHLBB's enforcement powers, explicitly noted that the only enforcement action authorized was the extreme remedy of receivership. No mention was made of a private right of action, and Congress did not provide for a private cause of action at that time.
Id. Other courts have reached similar conclusions about the non-existence of an implied right of action under the Home Owners Loan Act. Home Federal Savings and Loan v. Merrill Lynch, 525 F.Supp. 393, 396-97 (N.D.Ala.1981); and Ameriwest Financial Corp. v. Sowell, No. 85-1277, slip op. at 3 (D.N.M. October 4, 1985) [Available on WESTLAW, DCTU database].
The FSLIC might argue that 12 U.S.C. § 1730(k)(1), the statute on which it seeks to ground subject matter jurisdiction, is part of the same statute which authorizes the remedies the FSLIC and FHLBB can employ to enforce their regulations. The presence of the jurisdictional provision in this statute might suggest that the FSLIC can bring suits from damages caused by these violations. However, the defendants in their motion to dismiss question the court's subject matter jurisdiction over the counts brought by the FSLIC in its capacity as conservator of Bohemian. By definition, in these counts the FSLIC can assert only the rights of Bohemian[7] and, consequently, the Court must determine whether the institution could bring suit under the cited federal regulations. The Court does not consider whether the FSLIC could bring an action under the agency jurisdiction conferred by subsection (A) of 12 U.S.C. § 1730(k)(1) for damages it suffered as a corporate entity due to the alleged violations by the defendants of the cited regulations.
While the Court's primary bases for refusing to recognize that the FSLIC as conservator of Bohemian has a private right of action under the regulations are these provisions' content and the existence of the extensive enforcement provisions, the other factors delineated in Cort v. Ash  which still have some importance even after Touche Ross  do not under-cut the Court's analysis. The FSLIC, as conservator of Bohemian, can reasonably argue that the first factor, "[I]s the plaintiff `one of the class' for whose especial benefit the statute was enacted?", Cort v. Ash, 422 U.S. at 78, 95 S.Ct. at 2087, quoting, Texas and Pacific R. Co. v. Rigsby, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874 (1916); might support a private right of action in favor of the aggrieved thrift. Congress certainly meant to protect savings and loan institutions by authorizing the cited regulations. It is just as likely, though, that Congress intended to protect the public at large. The legislative history of the enforcement provisions supports both interpretations,[8] so the Court cannot say with certainty that Congress authorized the Home Loan Bank Board to issue regulations for the "especial" benefit of the thrift institutions.
Further, the fourth factor listed by the Supreme Court in Cort v. Ash, "[I]s the cause of action one traditionally relegated to state law, in an area basically the concern of the States?", 422 U.S. at 78, 95 S.Ct. at 2087, citing Wheeldin v. Wheeler, 373 U.S. 647, 652, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963), might suggest an answer in the negative. In that event, the FSLIC could argue that the Court should imply a right of action. The HOLA statutes certainly provide that the Federal Home Loan Bank Board and the FSLIC should play an important role in regulating state-chartered savings and loan institutions. *601 The FSLIC might argue, then, that the overriding federal concerns relating to the maintenance of financially sound thrift institutions support the implication of a private right of action. However, since HOLA provides for both federal and state regulation of state-chartered savings and loans,[9] the Court cannot say that the federal interests are so strong that they outweigh its view that Congress did not intend to provide for a private right of action.
The FSLIC contends that even if it has no private right of action in its capacity as conservator, the defendants owed duties to plaintiff under federal common law and, consequently, Counts I-XVI involve issues of federal law. The district court in First Hawaiian Bank v. Alexander, while refusing to imply a right of action, allowed the plaintiff there to sue under federal common law. 558 F.Supp. at 1131-32. In reaching this result, the district court relied heavily on the decision of the Seventh Circuit in Barany v. Buller, 670 F.2d 726 (7th Cir.1982). Specifically, the district court noted that,
This court, following the lead of the Seventh Circuit, finds that the federal interest in uniform regulation of savings and loan associations supports recognition of a federal common law cause of action for breach of fiduciary duty. The court further finds that HOLA's remedial scheme does not provide the kind of remedy requested by the plaintiff. Indeed, the claim for breach of fiduciary duty is separate and distinct from the claim arising out of the violation of HOLA. Therefore, the dismissal of Count I, the private cause of action under HOLA, does not preclude recognition of or reliance on the common law remedy.
558 F.Supp. at 1132; see also Sajovich, at 77.
Although the reasoning of the district court on this point is not totally clear, the court in First Hawaiian Bank seems to suggest that the federal interest in savings and loan regulation requires recognition of federal common law duties. See id. However, this reasoning by the district court undercuts its earlier determination that the cited HOLA regulations do not support an implied right of action under Touche Ross and Merrill Lynch. See id. at 1130-31. The approach of the district court in First Hawaiian Bank is inherently contradictory since it suggests that even though Congress did not intend to imply a cause of action under HOLA, the federal interest as expressed in the Act and related regulations supports an action in federal court. The Court will not make an end run around the Supreme Court's decisions in Touche Ross and Merrill Lynch, which limited the courts' ability to imply rights of action, by invoking federal common law. Additionally, this approach would render the proviso totally moot.

C. Summary of Statutory Analysis.
In those counts brought in its capacity as conservator of Bohemian, the FSLIC cannot invoke subject matter jurisdiction under 12 U.S.C. § 1730(k)(1)(A), the "agency" section of the jurisdictional statute. Also, plaintiff cannot bring these actions under 12 U.S.C. § 1730(k)(1)(B), the federal question provision, to the extent it asserts the rights of Bohemian against the defendants. The proviso in the jurisdictional statute precludes the FSLIC from relying on subsection (B) to provide jurisdiction for counts I-XVI since it asserts only the rights of Bohemian. Additionally, the allusion by plaintiff to duties imposed on the named defendants by federal regulations *602 does not render the proviso inoperative. Despite these references, Counts I-XVI are state law breach of fiduciary duty and breach of contract actions.

II. Application of the Statutory Analysis to the Allegations in the Complaint
In Count I of the complaint, the FSLIC in its capacity as conservator seeks damages in excess of $56 million dollars from the director defendants for breach of duties imposed by federal regulations. This count is not an action by an "agency" for purposes of 12 U.S.C. § 1730(k)(1)(A) since the FSLIC sues in its capacity as conservator and asserts Bohemian's rights. Further, the proviso precludes plaintiff from invoking jurisdiction under subsection (B) of the statute. As a result, 12 U.S.C. § 1730(k)(1) does not provide for subject matter jurisdiction of this count. The Court does not have jurisdiction over Counts II and III of the amended complaint for the same reasons.
In Counts IV-XII, the FSLIC in its capacity as conservator of Bohemian seeks to recover assets the institution lost in a number of allegedly ill-advised business transactions. The FSLIC asserts that the defendant directors and, in Count IV, Attorney Fishman, breached various federal regulatory, Missouri statutory, and common law duties owed to the institution in consummating and approving these transactions. Despite citations to federal regulations, though, these actions are essentially state law breach of fiduciary duty and breach of contract actions. Although plaintiff also alludes to various agreements which it claims the defendants breached, these allegations do not provide for federal jurisdiction. To the extent the directors breached agreements with the institution, the FSLIC as conservator of Bohemian, a state chartered institution, must rely on state law. See FSLIC v. Elliott, slip op. at 5, citing, FSLIC v. Braemoor Associates, 686 F.2d 550, 553-54 (7th Cir.1982), cert. denied, 461 U.S. 977, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983) ("When the FSLIC is acting in its role as receiver under state law, the applicable substantive law is state rather than federal."). To the extent the FSLIC as conservator asserts rights under agreements made by the FSLIC as a corporate entity, these allegations are surplusage which the Court cannot consider.
The FSLIC in Counts IV-XII cannot assert jurisdiction under 12 U.S.C. § 1730(k)(1)(A) since it brings these counts not in its corporate capacity but as conservator of Bohemian. Additionally, the proviso precludes plaintiff from claiming jurisdiction in this Court for these counts under subsection (B). The jurisdictional statute, then, does not provide for subject matter jurisdiction over Counts IV-XII. The plaintiff in Counts XIII-XVI brings suit in its capacity as conservator of Bohemian against specified directors for their alleged indiscretions as member of certain corporate committees. The Court's analysis of the jurisdictional issues in Counts I-XII applies equally to Counts XIII-XVI. The jurisdictional statute does not provide for subject matter jurisdiction over these counts.
Although the movants limit their motion to dismiss to Counts I-XVI, the Court will consider on its own motion whether it has subject matter jurisdiction over the remaining counts. See Fed.R.Civ.P. 12(h)(3). The existence of jurisdiction over these other counts might provide pendent subject matter jurisdiction over some of the allegations in Counts I-XVI which do not have an independent jurisdictional basis.
Plaintiff asserts in Count XVII that Bohemian Chairman John Capozzi breached an Assistance Agreement "by his acts and omissions set forth in Counts I through XVI." The FSLIC further contends that these actions rendered Bohemian insolvent, which injured plaintiff in excess of $30 million dollars. Since plaintiff brings Count XVII in its corporate capacity, the Court has subject matter agency jurisdiction over this action under 12 U.S.C. § 1730(k)(1)(A), and 28 U.S.C. §§ 451 and 1345. This count, though, cannot provide pendent claim jurisdiction for the other counts under United Mine Workers v. *603 Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966); see also C. Wright, Law of Federal Courts § 19 at 106-07 (4th ed. 1983). The doctrine of pendent jurisdiction does not apply to plaintiff's allegations in Counts I-XVI against the defendants other than Chairman Capozzi because they are not parties to Count XVII. Id.
In addition, the Court has throughout this Memorandum distinguished between actions brought by the FSLIC in its corporate capacity and those brought in its capacity as conservator. As a result, while the FSLIC is nominally a plaintiff in Count XVII and Counts I-XVI, and Chairman Capozzi is a defendant in all of these Counts, the FSLIC cannot assert pendent claim jurisdiction for its allegations against Chairman Capozzi in Counts I-XVI under the federal jurisdiction it invokes in Count XVII. It brings Counts I-XVI in its capacity as conservator and Count XVII in its corporate capacity. For purposes of United Mine Workers v. Gibbs, then, the entity bringing suit in Count XVII is different than the plaintiff in Counts I-XVI, and the Court cannot assert pendent claim jurisdiction. Id. Further, the Court cannot properly invoke pendent party jurisdiction over plaintiff's claims in Counts I-XVI under the doctrine of Aldinger v. Howard, 427 U.S. 1, 3-19, 96 S.Ct. 2413, 2415-22, 49 L.Ed.2d 276 (1975); see also Wright, § 19 at 107-09.
In Count XVIII, the FSLIC in its capacity as conservator asserts that Chairman Capozzi breached a Guarantee Agreement in which he contracted to "provide Bohemian with an eleven percent (11%) yield on the book value of a 40-acre tract of land." Essentially, this count is a state common law breach of contract action and, correspondingly, 12 U.S.C. § 1730(k)(1) does not provide for jurisdiction in federal court. Plaintiff cannot invoke "agency" jurisdiction under § 1730(k)(1)(A) since it does not sue in its corporate capacity. As with the other actions brought by the FSLIC in its capacity as conservator, the proviso precludes plaintiff from asserting federal question jurisdiction under subsection (B).
Plaintiff asserts in Counts XIX that defendant Chairman Capozzi made a number of misrepresentations about his past in a Biographical and Financial Report he provided to the agency. The FSLIC contends that Capozzi in making these misrepresentations violated 18 U.S.C. §§ 1001, 1008 and 1014. Without considering whether this count states a claim for purposes of Fed.R.Civ.P. 12(b)(6), the Court notes that plaintiff has properly invoked "agency" jurisdiction for this count pursuant to 12 U.S.C. § 1730(k)(1)(A). But, plaintiff cannot use the Court's jurisdiction over this count as the basis for pendent jurisdiction for its allegations against Capozzi in Counts I-XVI. Again, for purposes of United Mine Workers v. Gibbs, the count XIX involves a different plaintiff than Counts I-XVI. 383 U.S. at 721-24, 86 S.Ct. at 1136-37. Further, the factual allegations in Counts I-XVI and those in Count XIX do not "arise from a common nucleus of operative fact." Id. at 724, 86 S.Ct. at 1137.
In Counts XX-XXIII, plaintiff alleges actions against Chairman Capozzi, Director Margaret Capozzi, President Wood, and Attorney Fishman under the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The Court has subject matter jurisdiction over these counts under 28 U.S.C. § 1331 and 12 U.S.C. § 1730(k)(1)(A) and (B). In addition, these counts provide for pendent claim jurisdiction under United Mine Workers v. Gibbs over plaintiff's allegations against defendants Chairman Capozzi, Director Capozzi, and President Wood in Counts I-XVI, against Chairman Capozzi in Count XVIII, and against Attorney Fishman in Count IV. Plaintiff in these RICO counts essentially restates the factual circumstances alleged in Counts I-XVI and XVIII and, therefore, they arise out of a "common nucleus of operative fact." Id. Of note, too, plaintiff brings the RICO counts in its capacity as conservator as well as its corporate capacity. As a result, for purposes of United Mine Workers v. *604 Gibbs, the Court has pendent claim jurisdiction over the plaintiff's claims in Counts I-XVI and XVII against the Capozzis and Wood, and in Count IV against Fishman. The RICO counts do not provide a basis for subject matter jurisdiction over plaintiff's allegations in Counts I-XVI against the other director defendants, though. Similarly, while Count XXIV, in which plaintiff in its capacity as conservator seeks to impose a constructive trust over some of the Capozzis' assets, does not have an independent jurisdictional basis, the Court will exercise its pendent claim jurisdiction over this count.

Summary
The Court has subject matter jurisdiction over all of plaintiff's allegations against Chairman Capozzi, Director Capozzi, and President Wood. Additionally, the Court has subject matter jurisdiction over plaintiff's allegations against Attorney Fishman in Counts IV and XX-XXIII. However, the Court does not have subject matter jurisdiction over the FSLIC's claims against the other director defendants in Counts I-XVI.
NOTES
[1] "Subsection (k). Jurisdiction and enforcement.  (1) This subsection would (A) make clear that the Corporation is an agency of the United States for purposes of title 28 of the United States Code, (B) provide that any action to which the Corporation shall be a party shall be deemed to arise under the laws of the United States and that the United States district courts shall have original jurisdiction of such actions, without regard to the amount in controversy, and (C) authorize the removal to a Federal court of any such action commenced in a State court. However, actions to which the Corporation is a party in its capacity as receiver for a State-chartered institution and which involve only the rights or obligations of investors, creditors, stockholders, and such institution under State law would not be deemed to arise under the laws of the United States. Moreover, no attachment or execution could issue against the corporation or its property before final judgment in any action in any court."

"The provisions of subsection (k)(1), with the exception of clause (A) therefore, are similar to existing law applicable to Federal Reserve banks (12 U.S.C. 632), and to the Federal Deposit Insurance Corporation (12 U.S.C. 1819)."
(2) Subsection (k)(2), which provides for enforcement of Corporation orders by the United States district courts, corresponds with paragraph (8) of the proposed amended section 5(d).
[2] In this Memorandum, the Court relies extensively on the excellent opinion by U.S. District Judge Dale Saffels in FSLIC v. Huff, 631 F.Supp. 1350 (D.Kan.1986). However, while concurring with most of Judge Saffels' opinion, the Court does not agree with his conclusion that the proviso limits the grant of jurisdiction in subsection (A) of 12 U.S.C. § 1730(k)(1). See id. at 1355-56. The proviso, by its explicit language, limits the situations in which actions by the FSLIC "shall ... be deemed to arise under the laws of the United States." This language is identical to that in subsection (B) of § 1730(k)(1), the federal question provision and, consequently, the proviso limits only that subsection.

Even though the proviso does not limit the grant of jurisdiction in § 1730(k)(1)(A), it does not necessarily follow that the FSLIC can always invoke agency jurisdiction. As explained in this Memorandum, the FSLIC can bring suit under subsection (A) only when it sues in its corporate capacity since only in those circumstances does it act as an agency. The Court agrees, then, with Judge Saffel's conclusion that the FSLIC cannot always bring suit under 12 U.S.C. § 1730(k)(1)(A), and merely disagrees with the basis for this conclusion.
[3] In Counts I-XVI, plaintiff asserts the rights of Bohemian in its capacity as conservator of the institution. Crucially, plaintiff does not allege that Bohemian assigned its rights against the defendants to the FSLIC as a corporate entity. In that event, plaintiff could make a plausible argument for asserting the rights of Bohemian while invoking the agency jurisdiction of 12 U.S.C. § 1730(k)(1)(A).
[4] The Court appreciates the distinction between a contention under Fed.R.Civ.P. 12(b)(6) that a complaint fails to state a claim and a challenge to subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). However, a federal court has federal question jurisdiction over a complaint only if it concerns a "substantial federal question." Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974). Since the Supreme Court has greatly restricted the situations in which federal district courts can imply rights of action under federal law, the court must determine whether plaintiff's citations to federal regulations raise a substantial federal question. This analysis focuses largely on Congressional intent.
[5] The Supreme Court determined that Congress intended to imply a right of action under § 215 of the Act. See id. at 18-19, 100 S.Ct. at 246. But, for purposes of this analysis, the Supreme Court's decision that Congress did not imply a right of action under § 206 of the Act has more relevance.
[6] These remedies include the rights to issue cease-and-desist orders, 12 U.S.C. § 1730(e) and (f), and to suspend or remove directors and officers, 12 U.S.C. § 1730(g).
[7] See 12 C.F.R. § 547.7.
[8] "[Congress granted the FSLIC] these powers [to take remedial action] ... to prevent violations of law or regulation ... which might otherwise adversely affect the Nation's financial institutions, with resulting harmful consequences to the growth and development of the Nation's economy." S.Rep. No. 1482, reprinted in, 1966 U.S.Code Cong. and Admin.News at 3533 (bracketed comment added).
[9] Plaintiff's arguments ignore the important role Congress intended state governments to play in the regulation of state-chartered thrifts. "The [Senate] committee did not wish to take any action which would do violence to the balance between State and Federal functions and responsibilities which underl[y] ... the dual savings and loan system." Id. at 3538 [bracketed comment added]; see also FSLIC v. Fielding, 309 F.Supp. 1146, 1149 (D.Nev.1969), cert. denied, 400 U.S. 1009, 91 S.Ct. 567, 27 L.Ed.2d 621 (1970) ("Congressional reports repeatedly emphasized the importance of the division of regulatory power between the national and state governments.")