FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Manhattan Beach Savings and Loan Association, Plaintiff,

v.

Peter SAJOVICH, Robert D. Harbour, Stanley D. Shechtman, Roderick Sherriffs, Steven G. Garcia, Eugene A. Brunkhardt, Robert K. Ostengaard, Mountain West Group, a California corporation, Deseret Pacific Mortgage, a California corporation, Defendants.

No. CV 86–0209 WDK (JRX).

United States District Court,
C.D. California.

Feb. 20, 1986.

J. Eric Isken, Graham & James, Los Angeles, Cal., for plaintiff.

Edward Medvene, Mitchell, Silberberg & Knupp, Los Angeles, Cal., for defendants.

## ORDER RE MOTION TO DISMISS

KELLER, District Judge.

The Federal Savings and Loan Insurance Corporation (hereafter "FSLIC") was appointed sole conservator of the property and assets of Manhattan Beach Savings and Loan Association (hereafter "Manhattan Beach") by the Federal Home Loan Bank Board on January 9, 1986. FSLIC, in its capacity as conservator, brought this action in federal court against the directors of Manhattan Beach, as well as two independent corporations, alleging causes of action for breach of fiduciary duty, negligence, and money had and received in connection with various transactions that contributed to Manhattan's financial difficulties.

This matter is presently before the Court on the Motion of defendant Peter Sajovich to Dismiss the action for lack of subject matter jurisdiction. Having considered the submitted materials and the arguments of counsel at the February 4, 1986, hearing, the Court hereby Orders that defendant's Motion to Dismiss is DENIED. This Order is based on the following considerations:

1. The present Motion concerns an issue of statutory interpretation. The statute in question, appearing · at Title 12, Section 1730(k)(1) of the United States Code, addresses the jurisdiction of actions in which the FSLIC is a · party. Section 1730(k)(1) provides, in pertinent part:

Notwithstanding any other provision of law, (A) the Corporation [FSLIC] shall be deemed to be an *agency* of the United States within the meaning of section 451 of Title 28 [the general definitional section of that Title]; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to *arise under* the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in

controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided, That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States* ...

(emphasis added).

2. As noted above, Section 1730(k)(1)(A) expressly provides that the FSLIC is deemed an "agency" for purposes of Title 28 of the United States Code. Correspondingly, Section 1345 of Title 28 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all actions, suits or proceedings commenced by the United States, or by any *agency* or officer thereof expressly authorized to sue by Act of Congress.

(emphasis added).

3. Section 1730(k)(1), therefore, provides two independent bases of general federal jurisdiction for actions in which the FSLIC is acting as a party. *See FDIC v. Sumner Financial Corp.*, 602 F.2d 670, 679–680 (5th Cir.1979). Section 1730(k)(1)(A) creates what will be termed "agency jurisdiction", pursuant to the express incorporation of Title 28, in those situations where an action is commenced by the FSLIC. *FSLIC v. Krueger*, 435 F.2d 633, 635 (7th Cir.1970); *Katin v. Apollo Savings*, 460 F.2d 422, 424 (7th Cir.1972), *cert. denied*, 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117. In addition, Section 1730(k)(1)(B) establishes what we will term "arising under jurisdiction", whenever the FSLIC is a party to an action. *Hancock Financial Corp. v. FSLIC*, 492 F.2d 1325, 1328 (9th Cir.1974).

■ 4. The importance of distinguishing agency jurisdiction from arising under jurisdiction is the impact on the scope of the proviso to Section 1730(k)(1), quoted above. The proviso provides that, under certain limited circumstances, an action in which the FSLIC is a party "shall not be deemed to arise under the laws of the United States". By its express language, the proviso applies only to the arising under jurisdiction of Section 1730(k)(1). Clearly, had Congress intended the proviso to restrict agency jurisdiction as well, it would have so provided.

In *Krueger*, the Seventh Circuit held that the proviso did not apply to the agency jurisdiction created by Section 1730(k)(1)(A), finding instead that Sections 1730(k)(1)(B) and (C), as well as the proviso, related solely to removal proceedings from state courts wherein the FSLIC had been made a party. 435 F.2d at 636. While the Ninth Circuit in *Hancock* disagreed with that aspect of *Krueger* which limited the scope of Section 1730(k)(1)(B) and the proviso to removal proceedings, the Court did not address the effect of the proviso on agency jurisdiction under Section 1730(k)(1)(A). 492 F.2d at 1328 n. 2.

5. If the proviso were interpreted to modify both agency jurisdiction and arising under jurisdiction, then Section 1730(k)(1)(A) would effectively become a useless appendage to the statute. By definition, any time an action is "commenced by" the FSLIC, the FSLIC is a "party" to the action, thereby subsuming Section 1730(k)(1)(A) within 1730(k)(1)(B). This apparent ambiguity is eliminated by the very fact that agency jurisdiction is immune from the impact of the proviso. Specifically, federal jurisdiction over an action in which the FSLIC is a party will necessarily be predicated upon agency jurisdiction, rather than arising under jurisdiction, when the action is both commenced by the FSLIC and the conditions triggering the proviso are found to exist. Since the present action was commenced by the FSLIC, the agency jurisdiction of Section 1730(k)(1)(A) may be relied upon to provide

federal jurisdiction, irrespective of whether the circumstances triggering the proviso are present.

6. Alternatively, arising under jurisdiction exists because the proviso is not applicable to this action. The proviso in Section 1730(k)(1) only applies if two conditions are both present: 1) only the rights or obligations of investors, creditors, stockholders and a State-chartered institution in FSLIC receivership of conservatorship are at issue, and 2) only rights or obligations under state law are involved. *See North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985), *cert. denied,* — U.S. — , 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

■ Defendants Mountain West Group, Inc. and Deseret Pacific Mortgage, Inc. are neither "investors, creditors, or stockholders" of Manhattan Beach. Furthermore, while the individual defendant directors may also be investors, creditors or stockholders of Manhattan Beach, the FSLIC is only suing them in their capacities as directors. As such, the rights or obligations of various non-proviso parties are at issue, thereby rendering the proviso inapplicable. *Hudspeth,* 756 F.2d at 1100; *See American National Bank v. FDIC,* 710 F.2d 1528, 1533 n. 5 (11th Cir.1983) (parallel proviso, 12 U.S.C. Section 1819(4), inapplicable when third party's rights are involved).

Defendant attempts to avoid this limitation on the application of the proviso by characterizing the alleged "obligations" of these admittedly non-proviso parties as merely "rights" of Manhattan Beach, a State-chartered institution in FSLIC conservatorship. Under this construction, whenever the FSLIC, in its capacity as conservator, is either the sole plaintiff or sole defendant, the action would involve "only" the rights or obligations of a State-chartered institution, thereby effectively eliminating this express limitation. To the contrary, the Court interprets this limitation as rendering the proviso inapplicable in actions involving the "rights or obligations" of non-proviso parties.

■ In order to minimize the threat of forum-shopping through the joinder of sham non-proviso parties, the Court should scrutinize the facial viability of claims against such parties. Accordingly, if non-proviso parties are found to be sham, they will not be considered for purposes of the jurisdictional inquiry. In the present case, the FSLIC has alleged sufficient facts to support a finding that neither Mountain West Group, Inc. nor Deseret Pacific Mortgage, Inc. are sham defendants.

■ 7. Finally, the proviso does not apply here because the present action does not involve only rights or obligations under state law. *See Hudspeth, supra,* 756 F.2d at 1100. Plaintiff alleges that the defendant directors of Manhattan Beach breached their fiduciary duties, *inter alia,* by violating numerous federal banking regulations. Given that the issue of liability for fiduciary breach depends, in large part, on an interpretation of these federally prescribed obligations, there exist questions of federal law sufficient to take this case out of the proviso. *See Hancock, supra,* 492 F.2d at 1328.

Moreover, given the pervasive nature of federal regulation with respect to federally insured savings and loan associations, as well as the federal interest in the uniform application of these regulations, there is strong support for recognizing a federal common law cause of action for breach of fiduciary duty. *First Hawaiian Bank v. Alexander,* 558 F.Supp. 1128, 1132 (D.Hawaii 1983).

IT IS SO ORDERED.