**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION as Receiver for First Savings and Loan Association of Burkburnett, Texas, Plaintiff,**

v.

**T.G. PARTNERS II, LTD., et al., Defendants.**

**Civ. A. No. 3–88–0072–H.**

United States District Court, N.D. Texas, Dallas Division.

March 25, 1988.

---

6. Affidavit of Bill Jasper, Defendant's Exhibit 1 to the Motion for Summary Judgment.

7. Affidavit of Bill Jasper, at 2.

Robert B. Wellenberger, Ramona R. Stephens, Thompson Coe Cousins & Irons, Dallas, Tex., for plaintiff.

A.L. Vickers, Ungerman & Vickers, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendants, T.G. Partners II, Ltd., Terry Gwinn, Inc., Terry W. Gwinn, and Anthony C. Lisotta's ("Defendants") Motion to Dismiss, filed February 1, 1988, and Plaintiff Federal Savings & Loan Insurance Corporation's ("FSLIC") Response thereto, filed February 16, 1988.

### Background

On January 16, 1987, the Savings and Loan Commissioner of Texas, pursuant to state law, appointed FSLIC as receiver for First Savings and Loan Association of Burkburnett, Texas ("Burkburnett") for the purpose of liquidating Burkburnett. Also on January 16, 1987, the Federal Home Loan Bank Board ("Bank Board") appointed FSLIC receiver for Burkburnett for the same purpose, acting under 12 U.S. C. § 1729(c)(2). *See* Exhibit 1, attached to FSLIC's Response. FSLIC filed this lawsuit in federal court, claiming the right to collect money due on a certain Note and Guaranty executed by the Defendants. In their present Motion to Dismiss, Defendants maintain that this Court lacks subject matter jurisdiction over FSLIC's claims.

The statute at issue which addresses the jurisdiction of actions in which FSLIC is a party, is 12 U.S.C. § 1730(k)(1) which provides, in pertinent part:

Notwithstanding any other provision of law, (A) the Corporation [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any proce-

dure for removal now or hereafter in effect: *Provided, That any action, suit, or proceeding to which the Corporation [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States ...*

(emphasis added to proviso).

As stated above, clause (A) expressly states that FSLIC is deemed an "agency" for purposes of Title 28 of the United States Code. In this case, FSLIC alleges "agency jurisdiction" requesting this Court to consider 28 U.S.C. § 1345 in conjunction with Section 1730(k)(1)(A). Section 1345 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all actions, suits or proceedings commenced by the United States, or by any *agency* or officer thereof expressly authorized to sue by Act of Congress.

(emphasis added).

Defendants contend that the proviso operates in this action to defeat this Court's jurisdiction, since FSLIC's Complaint admits that it sues as "receiver," and FSLIC's suit is clearly instituted to collect on a debt. Defendants apply clause (B) to the present case to which FSLIC is a "party" and show that the "arising under" language in the proviso is the same as that in clause (B). Defendants rely on the Fifth Circuit's opinion in *Federal Deposit Insurance Corporation v. Sumner Financial Corporation*, 602 F.2d 670 (5th Cir.1979) dealing with a parallel proviso, 12 U.S.C. § 1819 (Fourth), applicable to the Federal Deposit Insurance Company ("FDIC"), for the proposition that Congress did not intend for FSLIC, by invoking agency jurisdiction, to be able to escape the proviso of § 1730(k)(1) limiting its access to federal court when acting as the receiver of a state bank. Additionally, Defendants point to *Federal Savings and Loan Insurance*

*Corp. v. Ticktin*, 832 F.2d 1438 (7th Cir. 1987) in which the Seventh Circuit directly addressed the issue before this Court, holding that by including clause (A) in § 1730(k)(1), Congress did not intend to make the proviso inapplicable to cases in which FSLIC is the plaintiff. Thus, if the conditions of the proviso are met in a particular case, FSLIC cannot assert agency jurisdiction to gain access to the federal courts. *Id.* at 1443–1444.

FSLIC responds by asserting that the proviso to § 1730(k)(1) does not apply to the agency jurisdiction expressly conferred by clause (A) and Section 1345 and urges the Court to reject the conclusion reached in *Ticktin*, arguing that the Seventh Circuit erroneously relied on the construction afforded the parallel proviso in § 1819 (Fourth) in reaching its decision to apply the proviso to agency jurisdiction. Furthermore, FSLIC contends that the proviso is inapplicable to circumstances where FSLIC has been federally appointed as the receiver of an insured state-chartered institution and sets forth an extensive review of the legislative history surrounding § 1730(k)(1) to substantiate its argument.

### The Motion

■ The Court notes that although the Fifth Circuit has not directly addressed the issue before the Court, it has provided some guidance by means of recognizing the distinction between § 1819 (Fourth) (the FDIC jurisdictional statute), which does not contain clause (A), and § 1730(k)(1) (the FSLIC jurisdictional statute), which does. In *Sumner*, the Court stated:

This difference between the two jurisdictional statutes—and the fact Congress was undoubtedly aware of and apparently intended the difference—may well justify reaching different results as to the ability of FDIC and FSLIC to invoke the agency jurisdiction. Indeed, that § 1819 (Fourth) was amended at the same time as § 1730(k)(1) was added and that Congress did not add a provision to § 1819 (Fourth) declaring FDIC's agency status for jurisdictional purposes as it did with FSLIC tends to support our holding that

Congress did not intend FDIC to be able to invoke the agency jurisdiction and thus evade the § 1819 (Fourth) limitation on its federal court access when acting as the receiver of a state bank.

602 F.2d at 680. This language from *Sumner*, together with the legislative history surrounding § 1730(k)(1), leads this Court to depart from the Seventh Circuit's holding in *Ticktin*.

The Court is of the opinion that the proviso in § 1730(k)(1) does not apply to agency jurisdiction, nor does it apply when FSLIC is a party to an action in its capacity as receiver for a state-chartered institution under *federal* authority.[1]

Within Section 1730(k)(1) the Court finds two separate grounds for federal jurisdiction involving actions in which FSLIC is a party. "Agency jurisdiction" is created by clause (A), incorporating 28 U.S.C. § 1345, in actions in which FSLIC is plaintiff. *See Federal Savings and Loan Insurance Corp. v. Sajovich*, 642 F.Supp. 74, 76 (C.D. Ca.1986). "Arising under jurisdiction" is established by clause (B), in cases where FSLIC is a party to the suit. *Id.* By its very language, the limiting provision of § 1730(k)(1) is applicable only to "arising under jurisdiction." Because of the parallel language between the proviso and clause (B) and because clause (A) of § 1730(k)(1) expressly declares FSLIC's agency status, it appears to the Court that Congress did not intend the limitations of the proviso to restrict agency jurisdiction.

The Court of Appeals in *Ticktin*, 832 F.2d at 1443, found that clause (A) of § 1730(k)(1) is merely a general jurisdictional statute passed to clarify that FSLIC was an agency of the United States, and that clause (B) and the accompanying proviso were applicable in cases commenced by FSLIC, because as a plaintiff, FSLIC was also a "party" within the meaning of clause (B).

The Court finds that this statutory interpretation renders the agency status conferred upon FSLIC by clause (A) virtually meaningless. The Court considers that Congress would not have specifically added clause (A) to § 1730(k)(1) when it was being drafted from § 1819 (Fourth), which has no similar provision, if it had intended the proviso to restrict agency jurisdiction. Although it is possible to read clause (B) in § 1730(k)(1) to subsume clause (A), the Court is of the opinion that clause (A) exists for the purpose of immunizing FSLIC's agency jurisdiction from the jurisdiction limiting proviso, and thus has important significance separate and apart from clause (B).

■ The Court additionally finds that because the Bank Board appointed FSLIC as receiver for Burkburnett, a state-chartered institution (thus ending state control over the receivership), the receivership is "federalized." *See North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096, 1101 n. 2 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *Fidelity Sav. & Loan Ass'n. v. Federal Home Loan*, 689 F.2d 803, 808 (9th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983). In enacting § 1730(k)(1) as part of the Financial Institutions Supervisory Act of 1966[2], which expanded the enforcement authority of both the Bank Board and FSLIC with respect to *federal* court jurisdiction, Congress was not as flexible when it came to FSLIC's role as a state-appointed receiver of a state-chartered association, stating that it did not want "to take any action which would do violence to the balance between State and Federal functions and responsibilities which underlies the dual ... savings and loan system." Senate Report No. 1482, 1966 U.S.Code Cong. & Ad. News 3532, 3538.

However, the Bank Protection Act of 1968[3], whose goal was to enable FSLIC to effect a rapid and orderly liquidation of failed state-chartered associations which had been in state receivership for years

---

1. The Court does not reach the issue, and thus makes no finding, as to whether the two conditions within the proviso have been satisfied in this action.

2. P.L. 89–695, 80 Stat. 1055 (1966).

3. Pub.L. 90–389, 82 Stat. 295 (1968).

(*see* Senate Report No. 1263, 1968 U.S.Code Cong. & Ad.News 2535–2541) gave the Bank Board exclusive authority to appoint FSLIC as a receiver of a state-chartered association provided certain conditions were met.[4] In doing so, the Bank Protection Act extended the broad enforcement authority granted to the Bank Board and FSLIC to a state institution to the same extent as if the institution was a federal institution. *See* 12 U.S.C. § 1729(c)(3)(A).

The Court concludes that to read the proviso as limiting jurisdiction over "federalized receiverships" would undermine the Congressional objectives behind the Bank Protection Act of 1968 and would incorrectly expand the limitations of the proviso to a group of actions which did not and could not exist in 1966. Thus, the proviso should be limited to situations where FSLIC serves as the state-appointed receiver of a state-chartered institution.

In the present case, the Court finds that FSLIC was federally appointed and is subject to federal authority, thus escaping the proviso's limitations under § 1730(k)(1).

### Conclusion

Because FSLIC is a plaintiff in this action and properly alleges the agency jurisdiction of § 1730(k)(1)(A) and because Burkburnett's receivership was "federalized," the jurisdiction limiting proviso is not applicable to this action, and FSLIC is properly before this Court.

Accordingly, Defendants' Motion to Dismiss is DENIED.

SO ORDERED.

---

4. *See* 12 U.S.C. § 1729(c)(2) for list of conditions. All of these conditions have been met in the present action.