**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION as Conservator for Westwood Savings and Loan Association, Plaintiff,**

v.

**Edward ISRAEL; Albert Collins; Alvin F. Howard; Richard S. Herschenfeld; Ronald Shenkman; Robert Margolis; Mark A. Bishop; John Auletta; Michael Moers; and Linda Collins, Defendants,**

**And Related Cross–Actions.**

**No. CV 87–4124–WDK (Tx).**

United States District Court, C.D. California.

May 31, 1988.

Peter W. James and Patrick J. Cain, McCutchen, Black, Verleger & Shea, Los Angeles, Cal. (Office of the General Counsel, Federal Home Loan Bd., Washington, D.C., of counsel), for plaintiff.

Mitchell, Silberberg & Knupp, Edward Medvene, Los Angeles, Cal., for Alvin F. Howard.

Bergman & Wedner, Inc., Gregory A. Wedner, Los Angeles, Cal., for Linda Collins.

Robert M. Ornstein, Santa Barbara, Cal., for John Auletta.

Stern & Miller, Andrew S. Pauly, Santa Monica, Cal., for Albert Collins.

Loeb & Loeb, Alan Wilken, Los Angeles, Cal., for Edward Israel.

Boren, Sloan, Deutsch & Rosen, Peter K. Rosen, Los Angeles, Cal., for Richard S. Herschenfeld.

Jeffer, Mangels & Butler, Robert E. Mangels, Los Angeles, Cal., for Ronald Shenkman.

Weisman, Butler & Watson, Mark L. Weisman, Beverly Hills, Cal., for Mark A. Bishop.

Rosen, Wachtell & Gilbert, Holly J. Fujie, Los Angeles, Cal., for Michael Moers.

Sidley & Austin, Thomas Hanrahan, Los Angeles, Cal., for Robert Margolis.

## MEMORANDUM OPINION AND ORDER

KELLER, District Judge.

### BACKGROUND

Plaintiff Federal Savings and Loan Insurance Corporation (FSLIC) brings this action in its capacity as conservator for Westwood Savings and Loan Association (Westwood), a state-chartered institution insured by FSLIC. FSLIC has alleged that Westwood's former directors, various former officers, and other individuals are liable for breach of fiduciary duty, fraud, and conspiracy. Defendants contend that this Court lacks subject matter jurisdiction and seek dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons which follow, defendants' motion is denied.

### DISCUSSION

Central to defendants' motion to dismiss is the question of how the jurisdictional statute applicable to FSLIC should be interpreted. The statute at issue can be found at 12 U.S.C. § 1730(k)(1). It provides:

Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or

proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

As this Court has previously noted in a similar case, § 1730(k)(1) ostensibly provides for two independent bases for federal jurisdiction. *See FSLIC v. Sajovich,* 642 F.Supp. 74, 76 (C.D.Cal.1986). According to subsection (A), FSLIC is deemed to be a federal agency within the meaning of 28 U.S.C. § 451. As such, FSLIC seemingly is entitled to invoke so-called agency jurisdiction as set forth in 28 U.S.C. § 1345. According to § 1345:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

Congress has expressly authorized FSLIC to sue and be sued. *See* 12 U.S.C. § 1725(c)(4) (1982).

In addition, subsection (B) creates broad federal question jurisdiction inasmuch as all cases in which FSLIC is a party are deemed to arise under the laws of the United States. However, the proviso expressly limits federal question jurisdiction in certain circumstances—namely, when (1) FSLIC acts in its capacity as conservator, receiver, or other custodian of an insured state-chartered institution, (2) the claim involves only the rights or obligations of investors, creditors, stockholders, or the institution, and (3) the claim is founded upon state law.

Defendants ask this Court to reconsider its previous holding in *Sajovich* and to follow a recent Seventh Circuit decision and various district court rulings which have found an absence of subject matter jurisdiction in cases such as this where the proviso would otherwise be applicable.

At the outset, this Court must acknowledge the considerable analytical difficulty presented by defendants' motion. This difficulty arises, not because the question of this Court's jurisdiction as it pertains to actions involving FSLIC is inherently arcane or conceptually obscure—which it is not—but rather because this Court is called upon to divine what Congress intended by a facially inconsistent jurisdictional statute without the benefit of any meaningful legislative history.

Having studied the memoranda submitted by the parties, the Court concludes that its prior interpretation of § 1730(k)(1) in *Sajovich* should be followed. The arguments set forth in several district court opinions and by the Seventh Circuit have not persuaded this Court to adopt a contrary view. Nor, it should be noted, have they so persuaded one court in the Northern District of Texas. *See FSLIC v. T.G. Partners II, Ltd.,* 682 F.Supp. 894 (N.D. Tex.1988).

In support of their position, defendants rely heavily on a recent Seventh Circuit case, *FSLIC v. Ticktin,* 832 F.2d 1438 (7th Cir.1987), which squarely rejected this Court's ruling in *Sajovich.* As recognized by this Court in *Sajovich, see id.* at 76, and the Seventh Circuit in *Ticktin,* the fundamental question to be decided is whether Congress intended that § 1730(k)(1)(A) should confer agency jurisdiction whenever FSLIC commences a lawsuit. *See* 28 U.S. C. § 1345. *Ticktin* held that Congress did not so intend. *Ticktin,* 832 F.2d at 1443–44.

In reaching its decision, the *Ticktin* court looked to cases which have interpreted a similar jurisdictional provision applicable to the Federal Deposit Insurance Corporation (FDIC). *See* 12 U.S.C. § 1819 (Fourth) (1982).[1] Those cases have uniformly held that the FDIC may not invoke general agency jurisdiction under § 1345 in the face of the more specific jurisdictional demarcation of § 1819 (Fourth). *See, e.g., FDIC v. Sumner*, 602 F.2d 670 (5th Cir. 1979). In *Sumner*, for example, it was reasoned that § 1819 (Fourth) was a "self-contained scheme for jurisdiction" which "would be destroyed" if general agency jurisdiction were available to the FDIC. *Id.* at 678–79.

At first glance, one would expect Congress to permit FSLIC to litigate in federal court under the same circumstances as the FDIC. Indeed, the similar functions performed by the two agencies provided the justification for the *Ticktin* court's reference to § 1819 (Fourth) as a basis for similarly limiting FSLIC's access to federal court. The difficulty with this line of reasoning, however, is that § 1730(k)(1) differs from § 1819 (Fourth) in one important respect. Section 1730(k)(1) contains the express statement that "the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28." 12 U.S.C. § 1730(k)(1)(A). Indeed, the *Sumner* decision, relied upon by *Ticktin*, stated that "[t]his difference between the two jurisdictional statutes—and the fact Congress was undoubtedly aware of and apparently intended the difference—may well justify reaching different results

as to the ability of FDIC and FSLIC to invoke the agency jurisdiction." *Sumner*, 602 F.2d at 680. Moreover, Congress itself specifically stated that "[t]he provisions of subsection (k)(1), *with the exception of clause (A)*, therefore, are similar to existing law applicable ... to the Federal Deposit Insurance Corporation (12 U.S.C. 1819)." S.Rep. No. 1482, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 3532, 3550 (hereinafter Senate Report) (emphasis added).

Those cases which look to § 1819 (Fourth) for guidance are confronted with what this Court perceives to be an insurmountable analytical hurdle. Section 1819 (Fourth) has been held to preclude agency jurisdiction because it must be read "as a unified, integrated, self-contained whole...." *Id.* at 677. This Court does not dispute the proposition stated in *Sumner* as it applies in the abstract—both with respect to the FDIC *and* FSLIC. However, when applied to FSLIC, one must adequately account for the presence of subsection (A) in § 1730(k)(1) and its concomitant absence from § 1819 (Fourth). This defendants and the authority they cite fail to do. *See, e.g., FSLIC v. Huff*, 631 F.Supp. 1350, 1355 (D.Kan.1986). Section 1730(k)(1) simply cannot be read as a "whole" when one of its provisions is effectively ignored.[2]

The Court is therefore confronted with the singular question of why Congress elected to include subsection (A). Predictably, all Congress has chosen to say about

---

**1.** Section 1819 (Fourth) provides in relevant part:

All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the Corporation is a party in its capacity as receiver of a State

bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

**2.** Certainly, had Congress not included subsection (A) as part of the jurisdictional statute, it would be proper to hold that the general jurisdictional grant of § 1345 should be unavailable to FSLIC. Indeed, such a holding would arguably be required by the Ninth Circuit's ruling in *Hancock Financial Corp. v. FSLIC*, 492 F.2d 1325 (9th Cir.1974). There, the Court held the general jurisdictional provisions of 28 U.S.C. §§ 1332 and 1349 to be superseded by the more specific edict of Congress in § 1730(k)(1).

the issue is that subsection (A) was included to "make clear that the Corporation is an agency of the United States for purposes of title 28 of the United States Code." Senate Report, 1966 U.S.Code Cong. & Admin.News at 3550. Both the parallel House Report and the Conference Report are similarly uninformative. *See* H.R.Rep. No. 2077, 89th Cong., 2d Sess. 1 (1966); H.R.Conf.Rep. No. 2232, 89th Cong., 2d Sess. 1 (1966).

*Ticktin* speculates that subsection (A) was included merely because there was a "need for clarification" in view of the contemporaneous case of *Acron Investments, Inc. v. FSLIC*, 363 F.2d 236 (9th Cir.), *cert. denied,* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed. 2d 434 (1966). *Ticktin,* 832 F.2d at 1443. Because the *Acron* court considered the question of whether FSLIC was a federal agency within the meaning of § 451 a "close one," Congress responded with its "clarification" of the issue. *Id.*

With all due respect to the Seventh Circuit, this reasoning is unpersuasive. First, the Seventh Circuit neglects to disclose *why* Congress felt it important to clarify that FSLIC was a federal agency within the meaning of 28 U.S.C. § 451. The analytical progression from § 451 to § 1345 is far too easy to be satisfied with the Seventh Circuit's response. The Seventh Circuit cannot simply say that Congress was not seeking to clarify that FSLIC was a federal agency as a predicate to the applicability of § 1345 without discussing what other reason Congress had for wishing to make clear that FSLIC was a federal agency. Indeed, since § 1345 is otherwise applicable, defendants must demonstrate that Congress intended to benefit FSLIC with federal agency status only in some areas but not in this important one.

Second, and equally significant, the Seventh Circuit's statement that Congress was responding to the "close call" in *Acron* is questionable. If *Acron* were the primary motivating force behind § 1730(k)(1)(A), Congress surely would have said so in the legislative history. In the absence of any such statement, it makes more sense to follow the relatively obvious route from § 451 to § 1345 than to presume that Congress was responding to a Ninth Circuit case of which no mention is made anywhere.

Moreover, practically speaking, it is unlikely that Congress could have had *Acron* in mind when it passed § 1730(k)(1)(A). *Acron* was decided on June 30, 1966. *Id.,* 363 F.2d at 236. It would then have been several weeks before the decision was even published. However, the Senate Report, on which the *Ticktin* court relies, was published on August 18, 1966. Thus, the roughly four week difference between *Acron's* dissemination and the Report's publication is simply too short a time for the decision to have been identified, analyzed, and incorporated into the Senate Report. Indeed, in all likelihood, four weeks is far too great a window to attribute to the time differential because publication of a final congressional committee draft does not occur overnight. The final draft would have to have been submitted for publication well-prior to August 18.

Finally, § 1730(k)(1)(A) is part of a jurisdictional statute. Yet defendants contend that Congress would act illogically by including a provision which it did not intend to have jurisdictional significance in what is clearly a jurisdictional statute. This Court simply cannot assume that Congress would act in such a manner.

The *Ticktin* court also states that § 1345 explicitly contemplates that it will be qualified by subsequent jurisdictional statutes. *Id.,* 832 F.2d at 1443–44 (relying on initial language of § 1345 which states "Except as otherwise provided by Act of Congress ..."). *See also Huff,* 631 F.Supp. at 1355. From this the Court reasons that "[w]e cannot read part A to grant jurisdiction indirectly in those cases that were deliberately and specifically excluded from the jurisdiction granted by part B." *Id.* at 1444. Again, this reasoning begs the question because it is "otherwise provided by Act of Congress" that the jurisdiction "deliberately and specifically excluded"—*i.e.,* by operation of the proviso—is the jurisdiction conferred by § 1730(k)(1)(B). The proviso, by its express terms, does not apply to

§ 1730(k)(1)(A). *See FSLIC v. Capozzi,* 653 F.Supp. 591, 595 n. 2 (E.D.Mo.1987); *Sajovich,* 642 F.Supp. at 76–77.

When applicable, the proviso requires that an action "to which [FSLIC] is a party" shall not be deemed to *arise under* the laws of the United States. Clearly, this relates to "arising under" or federal question jurisdiction as set forth in subsection (B). The proviso does not state that when its conditions are met, FSLIC shall not be deemed to be an agency of the United States, as set forth is subsection (A), or that it may not invoke § 1345. Consequently, nowhere is it "otherwise provided by Act of Congress" that § 1345 is unavailable to FSLIC in cases such as this.

■■■ Perhaps with these analytical difficulties in mind, other courts, rather than dismissing agency jurisdiction entirely, limit agency jurisdiction to those instances in which FSLIC brings suit in its corporate capacity. *See, e.g., Capozzi,* 653 F.Supp. at 596. Implicit in this approach of course is the recognition that insertion of subsection (A) by Congress in a jurisdictional statute is indicative of some degree of intended jurisdictional significance. Thus, in *Capozzi,* after stating the oft-quoted maxim that statutes are to be construed so that all of its parts are given meaning, the Court found a "reasonable construction" of subsection (A) to be one which creates agency jurisdiction only when FSLIC acts in its corporate capacity because "only in those circumstances does it act as an agency." *Id.* at 595 n. 2 & 596.[3]

Upon further scrutiny, however, this approach also poses analytical problems. As noted earlier, subsection (B) creates arising under jurisdiction under 28 U.S.C. § 1331 except, as stated in the proviso, when (1) FSLIC is a party in its capacity as conservator, receiver, or other legal custodian of a state-chartered institution, (2) the action involves only the rights or obligations of investors, creditors, stockholders, and the institution, *and* (3) the action is predicated upon state law. Any time FSLIC acts in its corporate capacity, the first element of the proviso fails and FSLIC may invoke federal question jurisdiction. As a result, this interpretation of subsection (A) does what courts expressly seek to avoid—render subsection (A) meaningless. The only way subsection (A) can have a life of its own is if it applies in situations where FSLIC is not acting in its corporate capacity.

An additional, though related, difficulty with this suggested approach is that it effectively holds the proviso applicable to subsection (A) despite Congress' express intention to the contrary. *See, e.g., Ticktin,* 832 F.2d at 1443 ("The proviso applies in cases, like the present one, where the FSLIC appears as a plaintiff."). Furthermore, the conservator/corporate capacity dichotomy is solely the product of the proviso. Since the proviso does not limit agency jurisdiction, there can be no inference drawn from the structure of § 1730(k)(1) to permit such a distinction regarding subsection (A). Because the legislative history is also completely bereft of even a scintilla of support for this distinction, the approach advocated by defendants is simply unsupportable.

This Court will not "find" in a statutory scheme something which is not there. Thus, although the proviso clearly evidences Congress' desire to keep certain state-related actions out of federal court,

---

3. In order to invoke agency jurisdiction under § 1345, a federal agency must seek to vindicate a federal interest and thus may not proceed under § 1345 merely to benefit a private individual or entity. *United States v. San Jacinto Tin Co.,* 125 U.S. 273, 286, 8 S.Ct. 850, 857, 31 L.Ed. 747 (1888). One court has suggested that when acting in its receivership or conservatorship capacity, FSLIC "does not act as an agency" and presumably for this reason may not rely on § 1345. *See Capozzi,* 653 F.Supp. at 595–96 n. 2. Respectfully, this Court disagrees. As noted by one commentator:

[T]he mere fact that a suit by the United States operates to confer a benefit on private citizens does not, in and of itself, place the action outside the scope of the jurisdictional statute. The government's interest need not be pecuniary or proprietary; it simply may decide to litigate to assure the proper implementation of its policies and programs.... 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3651, at 157–58 (2d ed. 1985). Here, FSLIC's interest in safeguarding its insurance fund and ensuring that its regulations are not violated by an institution's officers or directors constitutes ample governmental interest to justify jurisdiction under § 1345.

the line must be drawn according to the specifications articulated by Congress and not by what this Court, other courts, or defendants believe to be proper. *See FDIC v. Elefant,* 790 F.2d 661, 666 (7th Cir.1986) ("... we are loath to construe jurisdictional statutes, where certainty is especially important, in a way contrary to their language. The central question of statutory construction is what Congress meant *by what is said....*") (emphasis by Judge Easterbrook).

The question remains, therefore, how to interpret § 1730(k)(1), consistent with congressional intent—or, admittedly in this instance, perceived congressional intent—such that each provision in § 1730(k)(1) is given some independent significance. Thus, although the foregoing discussion explains that subsection (A) cannot arbitrarily be ignored, the Court similarly must not allow any interpretation of subsection (A) to render the proviso a nullity.

■ Defendants argue that to find agency jurisdiction regardless of the capacity in which FSLIC brings suit would effectively eradicate the proviso. This Court does not agree. The proviso's limitation on federal question jurisdiction remains fully operative when FSLIC does not "commence" a lawsuit because FSLIC will not be able to rely on § 1345. Consequently, by adhering to its earlier position, this Court maintains the integrity of each part of a comprehensive and reticulated jurisdictional statute.

### CONCLUSION

Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction must be denied. This action is properly before this Court pursuant to 12 U.S.C. § 1730(k)(1)(A), 28 U.S.C. § 451, and 28 U.S.C. § 1345. This Court therefore need not address FSLIC's alternative contention that there exists federal question jurisdiction because the proviso does not render § 1730(k)(1)(B) inapplicable.

IT IS SO ORDERED.