**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Bohemian Savings and Loan Association, Appellant,**

v.

**John V. CAPOZZI, Margaret A. Capozzi, Dan L. Wood, Vincent J. Bommarito, Thomas F. Cline, Daniel L. Dierdorf, Robert C. Fechner, Floyd L. Shearin, Jacob Fishman, and Gregory Saban, Appellees.**

No. 87–1696.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1987.

Decided Aug. 24, 1988.

Rehearing and Rehearing En Banc Denied Nov. 4, 1988.

Charlotte A. Reid, Washington, D.C., for appellant.

Jerome Wallach and Daniel E. Claggett, St. Louis, Mo., for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

FAGG, Circuit Judge.

The Federal Savings and Loan Insurance Corporation (the FSLIC) brought this action in its own behalf and as conservator for Bohemian Savings and Loan Association (Bohemian), a federally insured, state-chartered savings and loan association located in St. Louis, Missouri. The FSLIC sought legal and equitable relief for violations of state and federal statutes and regulations, and for breaches of contract and fiduciary duties by, among others, Bohemian's former directors.

The defendant directors moved to dismiss that portion of the complaint against them in which the FSLIC sued in its capacity as conservator for Bohemian. The dis-

trict court granted the motion based on its determination the court lacked federal subject matter jurisdiction, *see Federal Sav. & Loan Corp. v. Capozzi*, 653 F.Supp. 591, 604 (E.D.Mo.1987), and entered the order as a final judgment under Federal Rule of Civil Procedure 54(b). The FSLIC appeals, and we affirm.

## I.

The jurisdictional statute applicable to the FSLIC provides:

Notwithstanding any other provision of law,

(A) the Corporation [the FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28;

(B) any civil action, suit, or proceeding to which the Corporation [the FSLIC] shall be a party shall be deemed to arise under the laws of the United States * * *; and

(C) the Corporation [the FSLIC] may * * * remove any such action, suit, or proceeding from a State court to the United States district court * * *:

*Provided*, That any action, suit, or proceeding to which the Corporation [the FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1730(k)(1). The FSLIC contends the district court committed error in granting defendants' motion to dismiss because section 1730(k)(1) contains the authority for federal jurisdiction over this case in either of the following two provisions: First, in subsection (A), which the FSLIC argues provides an independent source of agency jurisdiction over suits commenced by federal agencies, *see* 28 U.S.C. § 1345; or second, in subsection (B), which creates broad federal question jurisdiction, *see id.* § 1331. The FSLIC contends subsection (B) is not limited by the clause at the end of section 1730(k)(1) (the

proviso) on the theory that the requirements of the proviso are not satisfied here. We disagree with each of these contentions.

## II.

■ Initially, we consider the district court's ruling that agency jurisdiction is not available to the FSLIC under subsection (A) because the FSLIC is only an agency when it sues "in its corporate capacity." *Capozzi*, 653 F.Supp. at 596. We understand the district court's characterization to imply the FSLIC is an agency only when it sues to protect its own interests as an insurer or as a regulatory enforcer.

In reaching this conclusion, the district court based its analysis on the definition of agency contained in 28 U.S.C. § 451. *See id.* Section 451 defines certain governmental entities, including government corporations, as agencies "unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. The district court reasoned that to accord the FSLIC agency jurisdiction when it sues "in its capacity as conservator" would nullify the other provisions in the statute because the FSLIC would always have access to federal court. *Capozzi*, 653 F.Supp. at 596. The court concluded that "limiting the agency jurisdiction conferred in subsection (A) to actions brought by the FSLIC in its corporate capacity," *id.*, was necessary in order to give meaning to all portions of the statute. *See id.*

Although we reach the same result, we disagree with the court's interpretation of the FSLIC's agency status. Subsection (A) expressly provides the FSLIC is a federal agency. This grant of agency status is not conditional in the sense that the FSLIC is an agency in some contexts but not in others. We view the FSLIC as a federal agency regardless of its capacity in a particular suit. *See, e.g., Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987) (The "FSLIC, in its corporate form or not, is a governmental agency."); *Federal Sav. & Loan Ins. Corp. v. Ticktin*, 832 F.2d 1438, 1440 (7th Cir.1987) (ordinary meaning of language is clear that

the FSLIC is an agency), *petition for cert. filed*, 56 U.S.L.W. 3806 (U.S. May 12, 1988) (No. 87–1865); *Federal Deposit Ins. Corp. v. Sumner Fin. Corp.*, 602 F.2d 670, 679–80 (5th Cir.1979) (statute expressly states the FSLIC is an agency). As we will explain, this view continues to give effect to all parts of the statute. Our rejection of the district court's dichotomy regarding the FSLIC's agency status, however, does not dictate the result the FSLIC urges concerning the independent jurisdictional significance of subsection (A).

## III.

■ We believe section 1730(k)(1) is an authoritative blueprint for federal subject matter jurisdiction in FSLIC cases. As a result, we agree with the Seventh Circuit in *Ticktin* that the FSLIC may not use its subsection (A) agency status to invoke jurisdiction under 28 U.S.C. § 1345 without regard to the other statutory restrictions contained in the remainder of section 1730(k)(1). *See Ticktin*, 832 F.2d at 1443–44. *But see Federal Sav. & Loan Ins. Corp. v. Israel*, 686 F.Supp. 819, 823–25 (C.D.Cal.1988); *Federal Sav. & Loan Ins. Corp. v. T.G. Partners II, Ltd.*, 682 F.Supp. 894, 897 (N.D.Tex.1988); *Federal Sav. & Loan Ins. Corp. v. Sajovich*, 642 F.Supp. 74, 75–76 (C.D.Cal.1986). We are convinced that "by including part A in § 1730(k)(1) Congress [did not] intend[ ] to make the jurisdiction limiting proviso inapplicable to cases in which the FSLIC is the plaintiff." *Ticktin*, 832 F.2d at 1443. The FSLIC's contrary suggestion that we give subsection (A) an independent jurisdictional significance is misplaced for several reasons.

First, subsection (A) is not a grant of original jurisdiction to the federal district courts to hear cases in which the FSLIC is a party. This subsection does nothing more than confer federal agency status on the FSLIC. Any doubt about the significance of subsection (A) in this regard is resolved by reference to the legislative history. *See* Financial Institutions Supervisory Act of 1966, S.Rep. No. 1482, 89th Cong., 2d Sess. 12, *reprinted in* 1966 U.S.

Code Cong. & Admin. News 3532, 3550. This history is admittedly sparse; nevertheless, it confirms the intent of Congress to clarify the FSLIC's agency status, and it supports the view that section 1730(k)(1) must be read as a comprehensive scheme for jurisdiction over cases involving the FSLIC.

Second, the FSLIC's interpretation of subsection (A)'s significance does not follow from a consideration of section 1730(k)(1) as a whole. We believe " '[t]he plain meaning of the statute decides the issue presented.' " *FERC v. Martin Exploration Mgmt. Co.,* — U.S. —, 108 S.Ct. 1765, 1768, 100 L.Ed.2d 238 (1988) (quoting *Bethesda Hosp. Ass'n v. Bowen,* — U.S. —, 108 S.Ct. 1255, 1258, 99 L.Ed.2d 460 (1988)). In determining the meaning of the statute, it is fundamental that one subsection cannot be read in isolation from the remainder of the whole statute. *See Sutton v. United States,* 819 F.2d 1289, 1292–93 (5th Cir.1987). Contrary to the view that one statutory subsection may "have a life of its own," *Israel,* at 824, we are obligated to "read statutes as a whole," *United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed. 2d 680 (1984). We also must strive to render all parts of the statute operative. *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985).

When these rules are applied to section 1730(k)(1), 28 U.S.C. § 1345 is not available to the FSLIC as an independent basis of jurisdiction. When read from top to bottom as a unit, section 1730(k)(1) is a straightforward statement that "[n]otwithstanding any other provision of law," the district court is granted original jurisdiction for suits involving the FSLIC under the circumstances described in subsection (B), as narrowed by the proviso. *See Ticktin,* 832 F.2d at 1440, 1442; *Federal Sav. & Loan Ins. Corp. v. Huff,* 631 F.Supp. 1350, 1354–55 (D.Kan.1986), *appeal docketed,* 851 F.2d 316 (10th Cir.1988). This grant unambiguously covers the full range of cases in which the FSLIC is a party, regardless of its nomenclature in any given case, and the statute neither invites nor

permits resort to section 1345 agency jurisdiction. In sum, we regard this precisely drawn grant of jurisdiction that is tailored for the FSLIC, rather than the grant of jurisdiction contained in section 1345 for cases brought by federal agencies generally, as controlling the district court's jurisdiction in this case.

The FSLIC contends it may nevertheless resort to section 1345 when it is a plaintiff because it is a federal agency, to which that section applies. The FSLIC's attempted leap from subsection (A) to section 1345 is sought for one practical reason, of course—to avoid the jurisdictional limitations of the proviso. This approach, however, is flawed because it reads subsection (A) in isolation from the other parts of the statute and attributes to that provision an unwarranted significance independent from the rest of the section in which it appears. It is important to note Congress has not afforded the district courts carte blanche jurisdiction under the terms of section 1345. Instead, agency jurisdiction rests in the district courts unless "otherwise provided by Act of Congress." 28 U.S.C. § 1345.

Through the broad jurisdictional grant in subsection (B) as limited by the proviso, Congress has clearly "otherwise provided" in FSLIC cases, particularly in light of section 1730(k)(1)'s applicability to the FSLIC "[n]otwithstanding any other provision of law." Thus, the FSLIC may not look beyond that statute's provisions and into section 1345 for the purpose of determining the district court's jurisdiction in this case. *See Ticktin,* 832 F.2d at 1443–44. To hold otherwise would circumvent congressional intent as expressed in subsection (B) and the proviso—that intent plainly being to confine the FSLIC's lawsuits in federal court to those cases in which the issues arise under federal law. Furthermore, our approach is compatible with the jurisdictional scope of the Federal Deposit Insurance Corporation (the FDIC), which operates according to a largely parallel statute. *See id.* at 1442–43.

Finally, contrary to the view that the *Ticktin* analysis effectively reads subsec-

tion (A) out of the statute, *see, e.g., Israel*, 686 F.Supp. at 824–25; *T.G. Partners II, Ltd.*, 682 F.Supp. at 897; *Sajovich*, 642 F.Supp. at 76, the converse actually is true. If we were to permit the FSLIC access to section 1345 agency jurisdiction by reading the statute in a way that divorces subsection (A) from subsection (B) and the proviso, we would have clearly failed to read all parts of section 1730(k)(1) together as we must. *See Mountain States Tel. & Tel. Co.*, 472 U.S. at 249, 104 S.Ct. at 2594 (statute should not be interpreted to render one part inoperative).

Reading subsection (A) in isolation would result in the essential substantive content of subsection (B) and the proviso being lost in cases in which the FSLIC is a plaintiff. This loss would occur even though subsection (B) by its terms encompasses all cases in which this agency is a party and even though the proviso imposes " 'an absolute limitation on federal jurisdiction over cases to which [the FSLIC] is a party.' " *Ticktin*, 832 F.2d at 1443 (quoted citation omitted). To ignore a statutory provision that imposes a specific limitation on jurisdiction over FSLIC cases would be "an entirely unacceptable method of construing [the] statute[ ]." *Natural Resources Defense Council, Inc. v. United States Envtl. Protection Agency*, 822 F.2d 104, 113 (D.C.Cir. 1987).

We conclude the jurisdictional grant established in section 1730(k)(1) does not carry with it the opportunity for the FSLIC to use subsection (A) as a springboard to 28 U.S.C. § 1345 jurisdiction. For this reason, we must go on to consider the correctness of the district court's ruling on the availability of jurisdiction under subsection (B) and the proviso.

### IV.

The district court held subsection (B) provides subject matter jurisdiction to the FSLIC unless the conditions in the proviso apply. *Capozzi*, 653 F.Supp. at 596–97. Finding all of the proviso conditions satisfied, *id.* at 596–601, the district court concluded the FSLIC could not invoke sub-

ject matter jurisdiction under subsection (B). We agree with this conclusion.

Subsection (B) grants federal jurisdiction over cases in which the FSLIC is a party unless those cases fall within the terms of the proviso. *See Ticktin*, 832 F.2d at 1443. The proviso operates to exclude FSLIC cases from federal court when: (1) the FSLIC is a party to the action in its capacity as legal custodian of a state-chartered institution; (2) the action involves only the rights or obligations of investors, creditors, stockholders, and the insured institution; and (3) the rights or liabilities are determined under state law.

The parties do not dispute that in the portions of the complaint relevant to this appeal, the FSLIC is suing as Bohemian's conservator and "does not assert any of its rights as a governmental agency." *Capozzi*, 653 F.Supp. at 598. The FSLIC claims, however, the second and third proviso requirements are not satisfied in this case. Thus, the FSLIC argues the proviso is rendered inapplicable, conferring federal jurisdiction.

With regard to the second requirement, the FSLIC argues its complaint involves rights or obligations of persons other than those parties described in the proviso. This argument is based on the circumstance that directors of an insured institution are not included in the list of proviso parties, and Bohemian's former directors are named as defendants in this action. The *Ticktin* court in response to an identical argument held:

> If, as in this case, the receiver, who represents the institution, brings suit to enforce the rights of the institution and the resolution of those rights is the only question in the suit, then the suit "involves only the rights or obligations of ... such institution," regardless of who the defendants are.

*Ticktin*, 832 F.2d at 1444; *see Federal Sav. & Loan Ins. Corp. v. Frumenti Dev. Corp.*, 676 F.Supp. 957, 960–62 (N.D.Cal. 1988) (in context of removal under 12 U.S. C. § 1730(k)(1)(C)). *But see Sajovich*, 642 F.Supp. at 77. *Compare Fidelity Fin. Corp. v. Federal Sav. & Loan Ins. Corp.*,

834 F.2d 741, 744–45 (9th Cir.1987) (the FSLIC defending itself against suit by failed institution). Based on the reasoning in *Ticktin*, we agree the second proviso requirement is met.

The FSLIC also argues the proviso's third requirement is not satisfied because the case involves questions of federal law. The FSLIC asserts the director defendants violated a number of federal regulations governing the management and operation of federally insured thrift institutions and, therefore, that this case is not "under State law," 12 U.S.C. § 1730(k)(1). *See North Miss. Sav. & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1100 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *Sajovich*, 642 F.Supp. at 77. Based on this argument, the FSLIC takes the position the proviso is not triggered due to lack of compliance with what the FSLIC deems to be a state law only requirement. We disagree.

The circuit court in *Ticktin* concluded in response to a similar argument that the presence of federal regulations in this type of case did not defeat the state law requirement of the proviso. The court stated:

It is important to note that the proviso by its terms applies to a suit "which involves only the rights or obligations ... under State law," not just to a suit "that involves only State law." The proviso is thus not limited to suits that do not involve federal law. The determination of the rights and obligations under state law of investors, creditors, stockholders, and the savings and loan in this heavily federally regulated area of the law could never be done without an eye on the relevant federal law. Every suit with the FSLIC as a party necessarily involves federal law.

\* \* \* \* \* \*

\* \* \* [A]ll the alleged violations of federal law are subsidiary questions to the ultimate question in the case: whether the directors, under state law, breached their fiduciary duties \* \* \*. The resolution of that issue would be the resolution of the case. Thus, this is a suit that "involves only the rights or obligations of investors, creditors, stockholders, and such institutions under State law."

*Ticktin*, 832 F.2d at 1445–46; *see also Frumenti Dev. Corp.*, 676 F.Supp. at 962–64. This reasoning is equally persuasive here.

The district court determined that despite "the allusion by [the FSLIC] to duties imposed on the [director] defendants by federal regulations" the counts relevant to this appeal "are state law breach of fiduciary duty and breach of contract actions." *Capozzi*, 653 F.Supp. at 601–02. We agree with the district court that the claims pursued by the FSLIC on Bohemian's behalf against the director defendants have their origin in state law. Accordingly, we conclude those claims are "under state law," within the meaning of the proviso. *Cf. Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983) (" 'A suit arises under the law that creates the cause of action.' ") (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916) (Holmes, J.)). This conclusion leads us also to agree with the district court that each of the proviso requirements is satisfied in this case.

## V.

To avoid the jurisdictional limitations of the proviso, the FSLIC makes an additional jurisdictional argument apparently not presented to the court in *Ticktin*. *See Ticktin*, 832 F.2d at 1445. The FSLIC claims there is federal jurisdiction because Bohemian, and therefore the FSLIC as Bohemian's conservator, "has a federal cause of action for damages caused by violation of federal regulations" by Bohemian's directors. In making this argument, the FSLIC acknowledges it is suing not in its own right as a federal agency to enforce regulations within its field of responsibility, but in its capacity as conservator for Bohemian. *Compare Federal Sav. & Loan Ins. Corp. v. Kearney Trust Co.*, 151 F.2d 720, 721–25 (8th Cir.1945) (the FSLIC suing on its own behalf as assignee of claims to recover funds misapplied by president of federally chartered savings and loan).

The FSLIC does not claim either the regulations involved or the statutes under which they are promulgated expressly provide a remedy to a federally insured thrift institution for regulatory violations by its directors. Even so, the FSLIC contends federal jurisdiction exists independent of Bohemian's state law action because Bohemian has either an implied private cause of action or a federal common law cause of action to sue the director defendants for their violation of federal regulations. We disagree.

Whether the regulations relied on by the FSLIC imply a private cause of action is a question that is analyzed according to the Supreme Court principles in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). *See also Touche Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979); *Redd v. Federal Land Bank,* 851 F.2d 219, 221 (8th Cir.1988). The district court undertook this analysis and held no cause of action is implied in favor of Bohemian. *Capozzi,* 653 F.Supp. at 599–601.

We have considered the *Cort* factors, and we likewise discern no congressional intent that the broad-based regulatory protections involved here grant a federal cause of action for damages to a federally insured, state-chartered thrift institution against its former directors. In the context of this type of institution, we believe these regulations are "forward-looking, not retrospective; [they] seek[ ] to forestall insolvency, not to provide recompense after it has occurred. In short, there is no basis in the language of [the regulations or promulgating statutes] for inferring that a civil cause of action for damages lay in favor of anyone." *Touche Ross & Co.,* 442 U.S. at 570–71, 99 S.Ct. at 2486–87.

The FSLIC also argues we should recognize a federal common law cause of action for the regulatory violations it asserts. *See Sajovich,* 642 F.Supp. at 77; *First Haw. Bank v. Alexander,* 558 F.Supp. 1128, 1131–32 (D.Haw.1983); *City Fed. Sav. & Loan Ass'n v. Crowley,* 393 F.Supp. 644, 650–51 (E.D.Wis.1975). Federal courts have the authority to formulate federal common law, however, only in a "few and restricted" instances. *Wheeldin v. Wheeler,* 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963). The instances in which the Supreme Court has approved this development "fall into essentially two categories: those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which Congress has given the courts the power to develop substantive law." *Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (quoted citation omitted).

In determining whether federal or state law should govern private litigation by a state-chartered thrift institution against its directors, we are guided by the principle that for federal common law to come into play, there must exist "a significant conflict between some federal policy or interest and the use of state law." *Wallis v. Pan Am. Petroleum Corp.,* 384 U.S. 63, 68, 86 S.Ct. 1301, 1304, 16 L.Ed.2d 369 (1966); *see also Miree v. DeKalb County,* 433 U.S. 25, 29–33, 97 S.Ct. 2490, 2493–96, 53 L.Ed.2d 557 (1977); *In re "Agent Orange" Prod. Liability Litigation,* 635 F.2d 987, 993 (2d Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981). In the absence of a significant threat to any identifiable federal policy or interest, *see Wallis,* 384 U.S. at 68, 86 S.Ct. at 1304, "there is no federal interest in uniformity for its own sake," *In re "Agent Orange" Prod. Liability Litigation,* 635 F.2d at 993.

The FSLIC argues, however, that development of a federal common law cause of action is called for because a uniform federal rule is needed "to preserve the soundness of the thrift industry and the integrity of the federal depository insurance fund." The use of state law principles to determine director liability, however, does not pose a threat to the integrity of the savings and loan industry and the insurance fund. The crux of Bohemian's claims is whether its directors breached agreements with or fiduciary duties to Bohemian. In these circumstances an interplay certainly exists between federal regulations in the savings

and loan industry and the director defendants' liability. Ultimately, however, no substantive rights or duties of the federal government hinge on the outcome of this appeal, *Miree*, 433 U.S. at 31, 97 S.Ct. at 2495; *In re "Agent Orange" Prod. Liability Litigation*, 635 F.2d at 993, and the effect of these regulations on the directors' liability depends on application of substantive principles of state law. The FSLIC's argument in favor of federal law ignores that the regulations are "forward-looking, not retrospective; [and] seek[ ] to forestall insolvency, not to provide recompense after [insolvency] has occurred." *Touche Ross & Co.*, 442 U.S. at 570–71, 99 S.Ct. at 2486–87.

In our view, no unique federal concern exists here because "the alleged violations of federal law are subsidiary questions to the ultimate question in the case: whether the directors, under state law, breached their fiduciary duties" to and agreements with Bohemian. *Ticktin*, 832 F.2d at 1446. There is no conflict between any identifiable federal interest or policy and the application of state law to resolve the liability of Bohemian's directors that warrants creation of a federal common law cause of action. Thus, in these circumstances, the uniformity sought by the FSLIC is insufficient reason to invoke the federal common law.

We therefore conclude neither the regulations claimed to be violated nor their promulgating statutes provide the basis for an implied private or a federal common law cause of action for Bohemian.

## VI.

In sum, we hold subsection (A) of section 1730(k)(1) does not provide an independent basis for federal jurisdiction. We also hold each of the conditions of the proviso is satisfied in this case, thus preventing the counts in this appeal from being deemed to arise under federal law within the meaning of subsection (B). We also hold Bohemian, and the FSLIC as its conservator, have neither an implied private nor a federal common law cause of action against the director defendants based on the implica-

tion of federal regulations relevant to the directors' fiduciary duties to Bohemian under state law. Accordingly, we affirm the district court's grant of defendants' motion to dismiss for lack of federal subject matter jurisdiction.

Finally, we remind counsel that unpublished opinions are not authoritative precedent in this court, *see* 8th Cir.R. 8(i), and their citation violates the rule. *United States v. McDaniel*, 844 F.2d 535, 537 (8th Cir.1988).